**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ANNA CLARK and | | |
| JOANNA SKINNER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:09CV370 JCH |
| | ) | |
| JOHN HAYDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motions of plaintiffs for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motions, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 alleging violations of their civil rights. Named as defendants are eighteen (18) St. Louis City police officers, as well as an individual plaintiffs believe to be employed as an Animal Control Officer for St. Louis City, Linda Dupart. Also named as a defendant is Byran Dupart, although plaintiffs have not identified how or why he is connected to this action and whether or not he is a state actor.

## Discussion

Plaintiffs allege that they have been subjected to ongoing harassment by the St. Louis City Police Department. Having carefully reviewed the complaint, the Court is unable to determine with any degree of certainty exactly what claims plaintiffs are

attempting to assert in the instant action. The pleadings are replete with unconnected facts, ambiguously referring to multiple, unrelated occurrences.

The Court is mindful that the Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even pro se litigants are obligated to plead specific facts and proper jurisdiction and must abide by the Federal Rules of Civil Procedure; however, plaintiffs have failed to do so in this case. See U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); Boswell v. Honorable Governor of Texas, 138 F.Supp.2d 782, 785 (N.D. Texas 2000); Fed.R.Civ.P. 8(a)(2) (complaint should contain "short and plaint statement" of claims); Fed.R.Civ.P. 8(e)(2) (each claim shall be "simple, concise, and direct"); Fed.R.Civ.P. 10(b) (parties are to separate their claims within their pleadings "the contents of which shall be limited as far as practicable to a single set of circumstances"). Thus, although plaintiffs are proceeding pro se and in forma pauperis, the Court will not instruct them to file an amended complaint. Plaintiffs' claims are legally frivolous and/or fail to state a claim upon which relief may be granted, and dismissal without prejudice is warranted based on their failure to provide an intelligible complaint in compliance with the Federal Rules of Civil Procedure. Cf. Boswell v. Honorable Governor of Texas, 138 F.Supp.2d at 785-86 (dismissing pro se plaintiff's pleadings; Court could not determine nature of claims without resorting to improper speculation).

Moreover, even if plaintiffs were able to formulate their pleadings in an organized fashion, it is clear that their claims would be subject to dismissal. The complaint is silent as to whether the nineteen (19) defendants employed by St. Louis City are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis City was responsible for the alleged violations of plaintiffs' constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with regard to the enumerated state actors.

Additionally, because plaintiffs have failed to allege that defendant Bryan Dupart is a state actor or provide any allegations against this defendant, defendant Bryan Dupart is also subject to dismissal from this action. See, e.g., Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct

responsibility for, the alleged deprivation of rights."); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); see also, Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999) ("Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis [Doc. #2 and #3] are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 10th Day of April, 2009.


/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE